## Seaton *v.* Shaner et al., Appellants.

[Marked to be reported.]

*Opening judgment—Set-off—Partnership settlement—Evidence.*

On an application to open a judgment, defendant claimed that he and plaintiff were partners, and that a settlement had been made between them showing that plaintiff was indebted to defendant for more than the amount of the judgment. Defendant's bookkeeper testified that he had drawn up a statement, which was to be a settlement, provided the parties could agree upon it. He testified that plaintiff examined the statement, and had made known to defendant that he did not think the statement was right. Plaintiff testified positively that there was no settlement. *Held,* that the evidence to establish a settlement was insufficient, and that the rule to open the judgment was properly discharged.

Argued Oct. 9, 1893. Appeal, No. 26, Oct. T., 1893, by defendants, William D. Shaner et al., from order of C. P. Lawrence Co., June T., 1892, No. 185, refusing to grant rule to open judgment entered in favor of A. Seaton, plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Petition for rule to open judgment. Before MARTIN, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal of rule.

*A. L. Porter,* *W. D. Wallace* with him, for appellants.—The petition alleged a settlement in full and an agreement to surrender the note. This would be sufficient ground to open the judgment. The facts alleged in the petition must be taken as true, as far as this application is concerned.

*James A. Gardner,* for appellee.—The allegations of the petition were denied by plaintiff and not sustained by any proof whatever.

OPINION BY MR. JUSTICE THOMPSON, Oct. 30, 1893:
The appellee having a judgment note for one thousand dollars, dated March 30, 1891, payable in one year from its date,

made by appellant and by the co-defendant as surety, entered
up the same and issued execution. The appellant Shaner
filed a petition praying the court below to stay proceedings
and open the judgment. It was alleged in it that the appel-
lee had entered into a contract with appellant Shaner to take
from him lumber to the amount of ·one thousand dollars, and
on account of this purchase he advanced him one thousand
dollars, taking the judgment note in question to secure appellee
from any loss on account of the advancement, and that appel-
lant had delivered to appellee lumber amounting in value to
twelve hundred dollars. Appellee filed an answer and denied
that any money was advanced on account of the purchase of
lumber, and averred that appellant borrowed one thousand dol-
lars from him, for which he gave this note. The proofs did not
sustain appellant's averments, and the rule granted to show
cause why the judgment should not be opened was discharged.
Subsequently he filed a second petition, in which he alleged
that he and appellee had been partners and on March 30, 1892,
had a settlement of their accounts, and by it there was found
due him from appellee the sum of $1,166.78; he therefore again
prayed a stay of proceedings and to have the judgment opened.
The refusal of the court below to grant the prayer of this pe-
tition, and a rule, is assigned for error.

It is clear that if appellant and appellee were partners, and a
settlement as averred was made, appellant would have been en-
titled to have the judgment opened and to be let into a defence.
Under the first rule the testimony as to the partnership and as
to the alleged settlement was taken, but it does not establish
that a settlement was in fact made. The bookkeeper of appel-
lee, who it was alleged made the settlement, was called by ap-
pellant and testified: " This was to be a settlement provided they
could agree on a statement after it was made. Mr. Seaton's
instructions when he left there were for us to go and finish up
the business and for me to meet him at Zelienople, and I did
so. I met him there the next day. Mr. Shaner, Mr. Seaton and
I were there the next day and I gave the statement to Mr.
Seaton. I don't know whether Shaner saw me give the state-
ment to Seaton or not. I don't remember what Seaton said,
but he made known to Mr. Shaner that he didn't think the
statement was right. I had no instruction or authority from

Mr. Seaton to make a statement that day at Fombell." The appellee testifies positively there was no settlement. These proofs certainly do not establish any settlement between appellant and appellee, and the prayer of the petition and the application for the rule were properly refused. The court below discharged the rule granted under the first petition " without prejudice to the right of William D. Shaner to any proceeding at law or in equity against A. Seaton to adjust the accounts between them or to collect or recover any amount due and owing to said Shaner." The rights of appellant, therefore, whatever they may be, were thus fully protected.

Judgment affirmed.